**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ELIAS GROUP, LLC** <br> **Plaintiff,** <br> v. <br><br> **CCR DEVELOPMENT GROUP, and JOSE FUERTES** <br><br><br> **Defendants.** | 16- <br><br> **Removed from the Supreme Court of the State of New York, County of New York** |

**NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

    COMES NOW Defendant Jose Fuertes ("Fuertes"), through his undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-entitled action pending before the Supreme Court of New York, County of New York (State Court Action). Defendant Fuertes appears for the purpose of removal only and reserves all defenses and rights available to it, and states as follows:

1. **State Court Action**

   Plaintiff Elias Group, LLC ("Elias Group" or "Plaintiff") initiated an action pending before the State of New York's Supreme Court, County of New York, styled *Elias Group, LLC v. CCR Development Group, Inc.* and *Jose Diaz,* index no. 653535/2016 (the "Complaint"). *See* Exhibit 1. Plaintiff filed that action on July 6, 2016, and on July --, 2016, purported to serve Fuertes with a copy of the summons and Complaint.

2. **Nature of Plaintiff's Action**

   The Elias Group alleges that Mr. Fuertes conspired with CCR Development Group, Inc. to

harm The Elias Group in the amount of $550,000, and that Ms. Fuertes failed to fulfill his responsibilities under an Independent Contractor Agreement.

3. **Removal of State Court Action**

The federal removal statute, codified at 28 U.S.C. § 1441, grants defendants the right to remove cases from state court to federal district court when the latter would have had original jurisdiction. Diversity of citizenship, the basis for original jurisdiction in the present case, exists when no plaintiff and no defendant are citizens of the same state and the sum or value of $75,000 is exceeded. *See* 28 U.S.C. § 1332(a). As discussed below, both conditions are met in this case.

4. **Diversity Jurisdiction**

   (a) **Citizenship**

   Pursuant to 28 U.S.C. § 1332 (c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. According to the Complaint, Plaintiff is an entity formed in the State of Delaware and "located at" 1801 Boone Avenue, Bronx, New York 10460. The Complaint alleges that co-defendant Jose Fuertes has a residence in Saratoga Springs, NY. Mr. Fuertes, however, is domiciled in Puerto Rico. The other defendant CCR Development, Inc. is a Puerto Rico corporation with its principal place of business in Puerto Rico.

   (b) **Amount in Controversy**

   In the Complaint, Plaintiff claims $550,000 in damages for "conspiracy" and failure to fulfill obligations. Exhibit 1. Thus, the actual amount in controversy in this case greatly exceeds $75,000. [1]Since the alleged value of Plaintiff's claims exceeds $75,000 and the

---

[1] Mr. Fuertes notes that defendant who seeks to prove that the amount in controversy is greater than the jurisdictional amount does not concede that the jurisdictional amount is recoverable. *See* 14!! Wright, Miller & Cooper, *Federal Practice and Procedure* § 3702, at 95 (3d ed. 2009 and Supp. 2010). Further, in determining whether damages are

action is between citizens of different states, this Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 (a). As a result, this case may be removed to this Court pursuant to 28 U.S.C. § 1441.

5. **Venue**

The Southern District of New York is the judicial district where the state court case was brought and is pending and is, thus, the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a) & 1446(a).

6. **Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446( b), this removal is timely because 30 days have not elapsed since "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Specifically, Mr. Fuertes was purported to be served with a copy of the Complaint on July 19, 2016.

7. **State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), Mr. Fuertes is filing copies of all process, pleadings, and orders served on Fuertes in the removed action. *See* Exhibit 1. Mr. Fuertes also attaches his Answer to the Complaint and Counter Claim. *See* Exhibit 2.

8. **Notice to State Court and Plaintiff**

Simultaneously with filing this Notice of Removal, Mr. Fuertes is providing written notice to Plaintiff, by and through its counsel, and will promptly file a copy of this Notice of Removal with the Clerk of Supreme Court of New York, County of New York.

**WHEREFORE,** in light of the foregoing, Jose Fuertes hereby requests this Honorable

---

recoverable, the removing defendant cannot be judicially estopped by its assertions that the amount in controversy exceed the jurisdictional amount. *Id.*

Court to remove the above captioned case pursuant to 28 U.S.C. § 1441.

**RESPECTFULLY SUBMITTTED**

In San Juan, Puerto Rico this 8th day of August 2016.

**WE HEREBY CERTIFY:** That we electronically filed the foregoing document with the Clerk of Court using the cm/ecf system, served a copy of this notice on Jeffery P. Resnik, Esq. of Sherman Silverstein Kohl Rose & Podolsky, PA, East Gate Corporate Center, 308 Harper Drive, Suite 200, Moorestown, NY 08057 by certified mail and via email at jresnick@shermansilverstein.com, and filed a copy of this notice with the Clerk of the Supreme Court of New York, County of New York.

**LAW OFFICES OF
JANE BECKER**
P.O. Box 9023914
San Juan, Puerto Rico 00902-3914
Tel. 787 754-9191
Fax 787 764-3101

 /s/  JANE BECKER
 **JANE BECKER (JB6155)**